UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICH S. LAMAS,

Plaintiff,

-against-

STEVE HUFFMAN,

Defendant.

26-CV-5495 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, a New York resident who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction.[1] Plaintiff also filed a motion for permission to participate in electronic case filing (ECF 5) and a document that he styles as a motion for a pre-discovery subpoena for production of documents under Rule 27 of the Federal Rules of Civil Procedure (ECF 6). By order dated July 9, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons that follow, the Court: (1) dismisses the complaint for lack of subject matter jurisdiction, with 30 days' leave to replead; (2) grants Plaintiff's motion for permission to participate in electronic filing; and (4) denies Plaintiff's request for relief under Rule 27.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

[1] Although the complaint is titled "Amended Complaint," it appears to be an original complaint rather than an amended complaint intended to supersede one of the seven other complaints that Plaintiff filed the same week.

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the complaint.[2] Plaintiff is a New York resident "engaged in legitimate business activities." (ECF No. 1, at 1.) Defendant Steve Huffman is a "Chief Executive Officer of a social media platform," which Plaintiff does not identify by name. (ECF 1 at 1, ¶ 2.)[3]

Plaintiff asserts a claim based on "product design," alleging that "Defendants PURPOSELY built the platform's algorithmic systems, content recommendation engines, and moderation structures to PROMOTE controversial, harmful, and problematic content because such content generates the MOST ENGAGEMENT, VIEWS, and ATTENTION, thereby MAXIMIZING ADVERTISING REVENUE and personal enrichment." (*Id.* at ¶ 9.)

He further alleges that "Defendants DELIBERATELY SET UP content moderation systems to MINIMUM LEGAL STANDARDS, knowing that inadequate moderation would attract more users, engagement, and therefore revenue." (*Id.* at ¶ 10.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Although Huffman is the only defendant named in this action, Plaintiff alleges that the "other named defendants and co-conspirators are individuals employed by or associated with a social media platform, whose addresses are to be obtained through discovery." (ECF 1 at 1, ¶ 3.)

When Plaintiff pursued his legal rights, "Defendants' employees, acting with knowledge and under instructions from Defendant Huffman, went to EXTREMES by filing FALSE SPAM REPORTS against Plaintiff's business email provider." (*Id.* at ¶ 14.) This allegedly "resulted in the SUSPENSION of Plaintiff's business email account for SEVERAL WEEKS . . . ." (*Id.* at ¶ 15.) "Plaintiff suffered loss of business relationships, loss of prospective opportunities, severe reputational harm, account suspension, significant financial damages, emotional distress, and costs of legal defense." (*Id*. at 2.)

Plaintiff brings state law claims for "product liability / negligent design," "business tort," violations of New York General Business Laws §§ 349-50, and tortious conduct. Plaintiff seeks $100 million in compensatory damages, as well as punitive damages, and injunctive relief.

## DISCUSSION

### A. Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction or bring claims under federal law. The allegations of the complaint also do not implicate any obvious federal claim. Plaintiff thus does not establish that the Court has federal question jurisdiction of this action.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff invokes the Court's diversity jurisdiction, but he does not allege facts sufficient to show that the parties are of diverse citizenship. Plaintiff states that he resides on East 30th

Street in New York (ECF 1 at 1, ¶ 1), which suggests that his domicile is in New York. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (noting that an individual may have multiple residences, but " [a]t any given time, a person has but one domicile").

Plaintiff has not alleged any facts about where Defendant Huffman is domiciled. Plaintiff therefore fails to allege facts sufficient to show that the parties have diverse citizenship.[4] The Court therefore dismisses the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. [5]

**B. Motion to participate in electronic case filing**

The Court grants Plaintiff's motion for permission to file documents electronically (ECF 5.).[6] Following registration to file documents electronically, Plaintiff no longer will receive service of documents by postal mail, whether or not Plaintiff previously consented to accept electronic service. All documents issued by the court, or filed by any other party, will be served on Plaintiff only by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P.

---

[4] Plaintiff has named only Huffman in the complaint, but he alleges that "Defendants are citizens of California and other states." (ECF 1 at 1, ¶ 4.) This and other language in the complaint appears to be boilerplate copied from one of the numerous other complaints that Plaintiff filed on the same day, and is insufficiently specific to establish Huffman's domicile.

[5] If Plaintiff amends his complaint, he should also clarify his request for compensatory damages of $100 million. (ECF 1 at 3.) *See, e.g., Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

[6] The ECF Rules & Instructions are available at https://nysd.uscourts.gov/rules/ecf-related-instructions.

5(B)(2)(E). For questions regarding electronic filing, Plaintiff may call the ECF Help Desk at (212) 805-0800.

**C. Motion for relief under Rule 27**

Plaintiff also filed a document that he styles as a motion for a pre-discovery subpoena for production of documents under Rule 27. (ECF No. 6.) In the motion, Plaintiff contends that there is a "substantial risk" of destruction of documents in light of Defendants' "demonstrated willingness to engage in misconduct and delete evidence." (*Id*. at 1.)

Rule 27 provides, in relevant part: "A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). The rule requires a showing:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

*Id*.

Courts in this circuit generally recognize that petitioners must satisfy three requirements to conduct discovery under Rule 27:

> First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be

> brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

*In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005); *see Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016); *24 Cap. LLC v. Gelbinovich*, 347 F.R.D. 566, 569-70 (E.D.N.Y. 2024). Critically, Rule 27 can only be used to perpetuate *known* evidence. *See Allegretti*, 229 F.R.D. at 98 (denying Rule 27 relief where petitioners sought "not to collect known testimony but to ascertain unknown information, an undertaking that falls outside the limited purposes of the Rule"); *In re Wolfson*, 453 F. Supp. 1087, 1096 (S.D.N.Y. 1978) ("[T]he decisions construing Rule 27 make it clear that the purpose of the rule is to preserve and perpetuate known testimony, not to provide litigants with a vehicle for the ascertainment of evidence."); *see also* Fed. R. Civ. P. 27(a)(1)(E) (requiring a Rule 27 petition to set forth the "expected substance of the testimony of each deponent"). The decision whether to grant a petition for Rule 27 discovery is "a matter for the sound discretion of the district court." *24 Cap. LLC*, 347 F.R.D. at 569-70 (quoting *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946)).

The Court denies Plaintiff's request for relief under Rule 27. Plaintiff does not identify any person who he seeks to depose or set forth the "expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1)(E). On this basis alone, Plaintiff's motion fails. Moreover, Plaintiff's motion indicates that he is seeking "not to collect known testimony but to ascertain unknown information," *Allegretti*, 229 F.R.D. at 98, which Rule 27 does not permit. Finally, while Plaintiff is concerned that evidence may be destroyed, his allegations regarding these concerns are far too conclusory to demonstrate "sufficient risk" that evidence "would be lost absent Rule 27 discovery." *Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 (S.D.N.Y. 2009). Plaintiff's motion for Rule 27 relief is therefore denied.

**D. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to establish diversity jurisdiction, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims and set forth facts sufficient to show that the citizenship of the parties is diverse and that the amount in controversy is satisfied.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. The Court grants Plaintiff's motion for permission to participate in electronic case filing (ECF 5) and denies his motion for relief under Rule 27 (ECF 6).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: July 15, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.